JOHN B. BRANCH *et al. vs.* JAMES A. DeWolf *et als.*

JANUARY 17, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Trusts.  Power of Trustees to Change Investments.*

Testamentary provision, as follows: "As money is paid into the hands of my executors, trustees or managers of my estate, I direct that it shall be invested in good dividend paying stocks and not in real estate."

The will was probated prior to the passage of Gen. Laws of 1896, cap. 208, § 12, relative to the power of trustees regarding investments:—

*Held,* that the provision gave no express power to the trustees to sell, re-invest, or change the investment of personal property, neither could the court find any implied power either in this provision or growing out of other provisions of the will.

*Held,* further, that, under provisions of C. & P. A., § 1145, the Superior Court might grant leave to sell or exchange any trust estate, real or personal, and it was the right and duty of the trustees to so apply if the interest of the trust estate required it.

BILL IN EQUITY by trustees seeking construction of a will. Certified to Supreme Court under C. P. A., § 338.

PARKHURST, J.    This is a bill in equity to which all persons having any interests under the will of John Winthrop, late of Newport, deceased, have been made parties and have been served with process and are now before the court.

The bill was filed in the Superior Court for the county of Providence, and being a bill by trustees under said will seeking in part a construction of a portion of the will as to the powers and duties of the trustees relating to investments and the instructions of the court in relation to such powers and duties, it was certified to this court under the provisions of C. P. A., § 338, as to such portions of the bill; while the other matters of the bill, relating to the resignation of one of the trustees, the fixing of the number of the trustees, and the settling of the accounts of the retiring trustee, remain in abeyance in the Superior Court awaiting the determination of this court as to the questions brought here.

The only question as to said will, before this court, as stated in the (6th) prayer of the bill, is "whether or not the trustees thereunder for the time being have the right and full power in their discretion from time to time to invest, re-invest, or change the investment of all personal property held thereunder said trust for the time being, provided that said investments shall be in good dividend paying stocks and not in real estate."

The only provision in the will of said John Winthrop which relates to the rights or duties of the trustees as to investment of the personal estate in the hands of the trustees is contained in the following words:

(1)    " As money is paid into the hands of my executors, trustees or managers of my estate, I direct that it shall be invested in good dividend paying stocks & not in real estate."

There is here certainly no express power to sell any personal property, or to re-invest or change the investment of personal property; the will only directs the disposition of the income and the ultimate division of the trust estate after the termination of the life estates. We do not find any implied power of sale and re-investment either in the language above quoted, or growing out of the other provisions of the will.

As the testator has not seen fit to grant any such general power in this will, we can not extend the terms of the will so as to imply any such power.

This will was dated March 26, 1883, and was finally probated in the Supreme Court at Newport, Rhode Island, September 28, 1886. It is, therefore, not within the provision of chap. 208, § 12, of the General Laws, which went into effect February 1, 1896, and which is as follows:

"Every trust-instrument hereafter made, wherein no provision is made to the contrary, shall be deemed to give to the trustees or trustee thereunder for the time being full power, in their, his or her discretion, or, if a corporation, in the discretion of its officer or committee duly authorized, from time to time to invest, re-invest or change the investment, of all personal property held thereunder for the time being."

It would seem that the above statute was passed for the reason that it was apparent that the courts could not in many cases find any such powers in the trustees, either express or implied, and to relieve the courts from applications for leave to invest and re-invest or change investment of personal property in cases where there was neither an express power nor an express prohibition of sale.

It is not necessary that this court should attempt to find any implied power such as these trustees seek to establish under this will, because there is express provision of our statutes giving the Superior Court full power to decree sale, investment, re-investment, and change of investment from time to time under C. P. A., § 1145, as follows:  ·

"Whenever the sale, exchange, or conveyance of any trust estate, real or personal  .  .  .    shall for any reason become necessary or expedient, the superior court may upon a suit in equity decree such sale, exchange or conveyance, and the investment, re-investment, change of investment from time to time, and application of the proceeds thereof, upon such security or securities and in such manner as shall best effect the objects of the trust and be most safe and beneficial for all interested therein."  .  .  .

We are therefore of the opinion that there is no power under this will, either express or implied, authorizing the trustees "in their discretion from time to time to invest, re-invest or change the investment of all personal property" held under said will; and that, if the interest of the trust estate requires any such action in any specific instance or instances, it is the right and duty of the trustees to apply to the Superior Court for leave so to do under the provision of C. P. A., § 1145, as above quoted.

The cause is remanded to the Superior court, for further proceedings, in the other branches of the cause.

*Frederic Hayes*, for complainants.
*J. Cunliffe Bullock*, for guardian *ad litem*.